THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 David Lee Brown, Appellant.
 
 
 

Appeal From Charleston County
  Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No.   2011-UP-185
Heard April 7, 2011  Filed April 25, 2011 

AFFIRMED

 

 
 
 
 Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley Elliott, Senior Assistant
 Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Scarlett
 Anne Wilson, of Charleston, for Respondent.
 
 
 
PER CURIAM:  Appellant David Lee Brown appeals his
 convictions for armed robbery and possession of a firearm during the commission
 of a violent crime.  On appeal, Brown argues the trial court erred in failing
 to exclude evidence seized after the detention of a vehicle without reasonable
 suspicion.[1] 
 We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  Hiibel
 v. Sixth Jud. Dist. Ct. of Nev., Humboldt Cnty., 542 U.S. 177, 185 (2004)
 ("In the ordinary course a police officer is free to ask a person for
 identification without implicating the Fourth Amendment."); id. ("[A] law enforcement officer's reasonable suspicion that a person may be
 involved in criminal activity permits the officer to stop the person for a
 brief time and take additional steps to investigate further."); Illinois
 v. Wardlow, 528 U.S. 119, 129 n.3 (2000) ("A shrewd man sees trouble
 coming and lies low. . . ."); U.S. v. Hensley, 469 U.S. 221, 229
 (1985) (noting the ability of the police to briefly stop a person suspected of
 involvement in a past crime, ask questions, or check identification in the
 absence of probable cause promotes the strong government interest in solving
 crimes and bringing offenders to justice); U.S. v. Quarles, 330 F.3d
 650, 653 (4th Cir. 2003) (finding law enforcement officials may detain a
 defendant upon reasonable suspicion that the person they encountered was
 involved in or wanted in connection with a completed felony); State v.
 Blassingame, 338 S.C. 240, 248, 525 S.E.2d 535, 539 (Ct. App. 1999)
 ("The term 'reasonable suspicion' requires a particularized and objective
 basis that would lead one to suspect another of criminal activity."); id. ("In determining whether reasonable suspicion exists, the whole picture
 must be considered.").  
AFFIRMED.
FEW, C.J., and
 HUFF and PIEPER, JJ., concur.

[1] At oral arguments, counsel confirmed our reading of
 the appellants brief that Brown only challenges the initial acts of Officer
 Bonanni in
 requesting the drivers license and parking behind the drivers vehicle.  Brown
 does not challenge the actions of any of the other officers.